| | |
|---|---|
| Daniel E. Doherty (DD–2145) | James A. Hunter (JH–1910) |
| D.E. DOHERTY LAW OFFICE, LLC | LAW OFFICE OF JAMES A. HUNTER |
| 7300 W. 110th Street, Suite 930 | 200 Barr Harbor Drive, Suite 400 |
| Overland Park, Kansas  66210 | West Conshohocken, Pennsylvania  19428 |
| Phone: (913) 338-7182 | Phone: (484) 437-5935 |
| Fax:     (913) 338-7164 | Fax:     (646) 462-3356 |
| Email: ded@ddoherty.net | Email: hunter@hunterkmiec.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and REVIVE INVESTING LLC, | ECF CASE |
| Plaintiffs, | |
| – v. – | No. 23-cv-11238 |
| BARRY SHIFF, ALETA SHIFF, and SYMETRYX CORPORATION, | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b) |
| Defendants, | |
| – and – | **JURY TRIAL DEMANDED** |
| NEUBASE THERAPEUTICS, INC., | |
| Nominal Defendant. | |

Plaintiffs Calenture, LLC and Revive Investing LLC (collectively, "Plaintiffs"), by their undersigned attorneys, plead for their complaint as follows:

**INTRODUCTION**

1. This is an action for disgorgement under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 was the "original and only express 'insider' trading provision[]" of the Act.  Richard W. Jennings et al., Securities Regulation: Cases and

Materials 1202 (8th ed. 1998). Its purpose is to "prevent[] the unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity securities. *Id.* § 78p(a), (b). It also applies to every beneficial owner of more than 10% of any such class. *Id.* Under Section 16(b), these "insiders" must disgorge to the issuer any profit they realize from any purchase and sale of the issuer's equity securities within a period of less than six months. *Id.* § 78p(b). If an insider fails to disgorge this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Liability under Section 16(b) is strict. The profit from a short-swing transaction must be disgorged "irrespective of any intention on the part of [the insider] in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiffs, both shareholders of Nominal Defendant NeuBase Therapeutics, Inc. ("NeuBase"), bring this action against three other NeuBase investors: Defendants Barry Shiff, Aleta Shiff, and Symetryx Corporation ("Symetryx" and, collectively with Barry Shiff and Aleta Shiff, the "Shiff Defendants"). The Shiff Defendants realized more than $200,000 in short-swing profit from scores of transactions in the equity securities of NeuBase. Under Section 16(b) of the Act, that profit is now NeuBase's lawful property, which the Shiff Defendants are strictly liable to account for and repay.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

7. Venue lies in this District under Section 27 of the Act and 18 U.S.C. § 1401 because certain of the Shiff Defendants' purchases and sales of the common stock of NeuBase were executed through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

8. Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located in New York, New York.

9. Plaintiff Revive Investing LLC is a limited liability company formed under the law of the State of Texas with a principal place of business located in Georgetown, Texas.

10. Defendant Symetryx is a corporation formed under the law of the province of Ontario, Canada, with a principal place of business located in Toronto, Canada.

11. Defendant Barry Shiff is a natural person, a resident of Toronto, Canada, and the husband of Aleta Shiff. He is the president of Symetryx and one of two members of its board of directors.

12. Defendant Aleta Shiff is a natural person, a resident of Toronto, Canada, and the wife of Barry Shiff.  She is the secretary of Symetryx and the second of its two directors.

13. Nominal Defendant NeuBase Therapeutics, Inc. is a corporation formed under the law of the State of Delaware.  At all relevant times, the common stock of NeuBase was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and listed for trading on The Nasdaq Stock Market LLC.  This action is brought in the right and for the benefit of NeuBase, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

## FACTS

### The Insiders

14. Barry Shiff and Aleta Shiff formed Symetryx as a vehicle for their family's investments, including its investment in NeuBase.  The Shiff Defendants have described Symetryx in a signed filing with the SEC as a "Family Office that invests its funds in business entities."

15. The Shiff Defendants invested in NeuBase as a group, acting with a common purpose and coordinating all investment decisions.

16. The Shiff Defendants jointly reported their beneficial ownership of NeuBase's securities on statements filed with the SEC on Schedule 13D.  Each of these statements was signed by Barry Shiff and Aleta Shiff, with Barry Shiff signing both in his personal capacity and as the president of Symetryx.

17. The first such Schedule 13D was filed on August 31, 2023.  A true and correct copy of that filing is attached as Exhibit A hereto.

18. The Shiff Defendants filed amendments to that Schedule 13D on September 14, 2023 and September 20, 2023. True and correct copies of those amendments are attached as Exhibits B and C hereto.

19. Item 2 on the cover page of each of the aforementioned statements expressly affirmed the Shiff Defendants' collaboration as a stockholder group.

20. The statements also disclosed parallel trading by the Shiff Defendants. For example, the original Schedule 13D filed on August 31 disclosed the Shiff Defendants purchasing NeuBase common stock on the same days and at nearly the same prices.

21. The statements also disclosed a common purpose to influence the management and control of NeuBase. The original Schedule 13D filed on August 31, 2023 disclosed that the Shiff Defendants intended to discuss with NeuBase management the possibility of adding "a representative of the Reporting Persons" to the NeuBase board.

22. The first amendment to that statement disclosed that the Shiff Defendants "are considering [NeuBase's] offer to consider adding a person proposed by the Reporting Persons to [NeuBase's] Board of Directors."

23. The second amendment disclosed that the Shiff Defendants "no longer intend to propose a nominee to [NeuBase's] Board of Directors."

24. The same filing also disclosed that the Shiff Defendants had "proposed a potential merger candidate" to NeuBase.

25. The same filing also disclosed that the Shiff Defendants were aware that NeuBase management was "considering potential mergers." The Shiff

Defendants undertook to "consider the merits of any merger, liquidation, or other extraordinary business transaction being proposed."

26. Because they coordinated their investment decisions and proposals with respect to the common stock of NeuBase, the Shiff Defendants must be treated as what they affirmed they were: a stockholder group.

27. And as a stockholder group with respect to the common stock of NeuBase, the Shiff Defendants were required to aggregate their beneficial ownership for purposes of the reporting and disgorgement provisions of Sections 13(d) and 16(b) of the Act.

**The Purchases and Sales**

28. When their holdings of NeuBase common stock are properly aggregated, it is apparent from their statements on Schedule 13D that the Shiff Defendants beneficially owned more than 10% of the outstanding shares of NeuBase common stock from August 23, 2023 until September 14, 2023.

29. During this period, the Shiff Defendants engaged in hundreds of purchases and sales of NeuBase common stock.

30. The terms of these transactions were accurately disclosed on the Shiff Defendants' statements filed with the SEC on Schedule 13D as described above.

31. The Shiff Defendants also disclosed a subset of their transactions in the common stock of NeuBase on Statements of Changes in Beneficial Ownership on Form 4 filed by Symetryx with the SEC on September 7, 2023, September 11, 2023, and September 18, 2023.

32. True and correct copies of the aforementioned Forms 4 are attached as Exhibits D, E, and F hereto.

33. Exhibit G hereto gives a comprehensive list of all of the Shiff Defendants' purchase and sales of NeuBase common stock while the Shiff Defendants beneficially owned more than 10% of shares outstanding.

34. All of those purchases and sales of NeuBase common stock occurred within a period of less than six months.

### The Profit and Demands

35. As a result of the Shiff Defendants' transactions in the common stock of NeuBase, the Shiff Defendants realized a profit of $226,306.45, more or less.

36. Plaintiff Calenture, LLC made demand on NeuBase for recovery of this profit by the letter of its counsel on or about September 11, 2023.

37. Plaintiff Revive Investing LLC made demand on NeuBase for recovery of this profit by the letter of its counsel on or about September 11, 2023.

38. More than 60 days have passed since those demands were made, and NeuBase has failed to file suit.  Further delay would be a futile gesture.

### SOLE CLAIM FOR RELIEF:
### DISGORGEMENT UNDER 15 U.S.C. § 78p(b)
### (AGAINST EACH SHIFF DEFENDANT)

39. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-38 above.

40. Section 16(b) of the Securities Exchange Act of 1934, as amended, reads in pertinent part as follows:

> For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an

exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.  Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

41. At all relevant times between August 23, 2023 and September 14, 2023, each Shiff Defendant beneficially owned more than 10% of the outstanding shares of NeuBase common stock.

42. While subject to Section 16(b) of the Act, each Shiff Defendant purchased and sold the common stock of NeuBase as further described herein.

43. The Shiff Defendants' sales of the common stock of NeuBase occurred within less than six months of the Shiff Defendants' purchases of the common stock of NeuBase.

44. Certain of the Shiff Defendants' sales of the common stock of NeuBase occurred at higher prices than certain of the Shiff Defendants' purchases of the common stock of NeuBase.

45. Each Shiff Defendant had a direct or indirect pecuniary interest in all of the purchases and sales of the common stock of NeuBase described herein.

46. Under the "lowest-in, highest-out" method for computing realized profit pursuant to Section 16(b) of the Act, the Shiff Defendants realized a recoverable profit estimated at $226,306.45 from their transactions in the common stock of NeuBase as described herein.

47. Under Section 16(b) of the Act, the profit realized by the Shiff Defendants as described in paragraph 46 above inured to NeuBase and remains NeuBase's lawful property, recoverable by Plaintiffs in its stead, NeuBase having failed to seek recovery of the same despite due and timely demand.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on all questions so triable.

[*prayer for relief follows on next page*]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for judgment:

(a) Requiring the Shiff Defendants to account for and pay over to NeuBase the short-swing profit realized and retained by them in violation of Section 16(b) of the Act in an amount not less than $226,306.45, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiffs such further relief as the Court deems just and proper.

Dated: December 28, 2023

/s/ Daniel E. Doherty

Daniel E. Doherty
D.E. DOHERTY LAW OFFICE, LLC
7300 West 110th Street, Suite 930
Overland Park, Kansas  66210
Phone: (913) 338-7182
Fax:     (913) 338-7164
Email: ded@ddoherty.net

*Counsel for Plaintiffs Calenture, LLC
   and Revive Investing LLC*

/s/ James A. Hunter

James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
200 Barr Harbor Drive, Suite 400
West Conshohocken, Pennsylvania  19428
Phone: (484) 437-5935
Fax:     (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiffs Calenture, LLC
   and Revive Investing LLC*