UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and REVIVE INVESTING LLC,<br>                Plaintiffs,<br>-against-<br>BARRY SHIFF, ALETA SHIFF, and SYMETRYX CORPORATION,<br>                Defendants,<br>-and-<br>NEUBASE THERAPEUTICS, INC.,<br>                Nominal Defendants. | 23-CV-11238 (AT) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

By Order of Reference dated March 12, 2024 (ECF 17), Judge Analisa Torres referred this case to Magistrate Judge Stewart D. Aaron for general pre-trial supervision and specific non-dispositive motions (ECF 12, 15-16). On March 13, 2024, that referral was reassigned to me. On March 3, 2024, Calenture, LLC and Revive Investing LLC ("Plaintiffs") filed a letter seeking leave to file a motion, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, to recover the expenses incurred in effecting service of process on Nominal Defendant NeuBase Therapeutics, Inc. ("NeuBase"). (*See* ECF 12, Pls.' 3/04/24 Ltr. Mot.) Plaintiffs consented to submit the motion on their letter without formal motion practice. (*See id*. at 1 n.1 ("Plaintiffs would be pleased to submit the motion on this letter if the Court prefers to dispense with formal motion practice").)

I have reviewed the parties' submissions (ECF 12, 15-16), and for the reasons set forth below, Plaintiffs' request for recovery of costs and attorneys' fees is DENIED.

Federal Rule of Civil Procedure 4(d)(1) sets out the requirements for a valid waiver request; this rule states that the notice and request must: (1) be in writing and be addressed

either to the individual defendant or to an officer or agent authorized to receive service, (2) name the court where the complaint was filed, (3) include a copy of the complaint, 2 copies of the waiver form, and a prepaid means for returning the form, (4) inform the defendant of the consequences of waiving or not waiving service, (5) state the date when the request is sent, (6) give the defendant at least 30 days, or at least 60 days if the defendant is outside the judicial district of the United States, to return the waiver, and (7) be sent by first class mail or other reliable means. *See* Fed. R. Civ. P. 4(d)(1). If a defendant located within the United States fails without good cause to return a waiver of service within 30 days of a plaintiff's request for such waiver, the Court "must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). The procedural requirements of Rule 4(d)(1) are a "condition precedent to a demand for costs for refusal to waive service," *Kumaran v. Vision Fin. Mkts., LLC*, 338 F.R.D. 17, 18 (S.D.N.Y. 2021).

      Here, the request for waiver of formal process was not accompanied by a prepaid means of returning the form, as required by Rule 4(d)(1)(C). Instead, the waiver request was sent by email and did not include a self-addressed, stamped envelope or other prepaid form of mailing. (*See* ECF 12, Pls.' 3/04/24 Ltr. Mot. at 2.) Additionally, the waiver request was sent to an attorney who at the time claimed he was not authorized "to accept a waiver of service request on behalf of NeuBase." (ECF 15, NeuBase Opp. at 3). Under these circumstances, Plaintiffs have not complied with the procedural requirements of Rule 4(d), and therefore recovery of costs and attorneys' fees by Plaintiffs is not warranted. *See Kumaran,* 3387 F.R.D. at 18 (denying costs when a plaintiff failed to include a self-addressed, stamped envelope when notice was sent via email); *Wright v. Mail Media INC,* 23-cv-07124 (ALC), 2024 WL 421375

2

(S.D.N.Y. Jan. 30, 2024) (noting that a plaintiff may show substantial compliance with the requirements of Rule 4(d)(1) to be awarded costs, but ultimately finding that failure to include a stamped, self-addressed envelope constituted a failure to substantially comply with those procedural requirements); *Gaby's Bags, LLC v. Mercari, Inc.*, No. 20-CV-00734 (WHA), 2020 WL 7664455, at *4 (N.D. Cal. Dec. 25, 2020) (denying costs when a plaintiff sent requests for waiver to an attorney who claimed he was not authorized to accept service on the named defendants' behalf).

Plaintiffs' request for costs and attorneys' fees is DENIED. Each party shall bear its own costs.

DATED: March 18, 2024
New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge